## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARREN D. JONES,

      Plaintiff,

v.

CORRECTIONAL OFFICER CARTER
and SERGEANT CALES,

      Defendants.

Case No. 25-cv-1524-RJD

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Darren D. Jones, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center. In the Complaint, Jones alleges Defendants subjected him to excessive force in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] The Court has jurisdiction to screen the Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and the medical providers, to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these entities.

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

On September 1, 2024, Jones was housed in RH-C-L-12 when he was approached by Correctional Officer ("C/O") Carter who threatened to mace him or have Jones maced (Doc. 1, p. 5). Jones alleges that the threat was in response to Jones directing Carter to worry about security rather than interfering with Jones's medical issues or his interactions with medical staff (*Id*.). Jones fails to further explain Carter's interference with his medical care or any earlier interactions which led to his encounter with Carter. Sergeant ("Sgt.") Cales overheard the statement and he informed Jones that staff would do what the wanted, but Jones responded that they would not do whatever they wanted with him (*Id*.). In response, Cales approached Jones's food port where Jones's face and arms were exposed. He then allegedly sprayed Jones in the face with mace (*Id*.). Jones alleges that Cales failed to provide any warning or direct order before using the spray. Nor had Jones tried to physically harm any staff members prior to the use of mace (*Id*. at p. 6). The use of spray blinded Jones, causing him to trip and fall and hit his head.

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:**      **Eighth Amendment excessive force claim against C/O Carter and Sgt. Cales for spraying Jones with mace on September 1, 2024.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the** *Twombly* **pleading standard**.[2]

At this stage, Jones states a viable excessive force claim against Sgt. Cales for his use of force. Jones alleges that Cales actually sprayed Jones with mace without provocation or warning. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). But as to C/O Carter, Jones fails to allege that he was personally involved in the use of mace against Jones. He merely alleges that Carter threatened to use mace, but there are no allegations that he also maced Jones or was even present at the cell when Cales deployed the mace. He only points to a single threat by Carter. This mere verbal threat is not enough to state a claim under the Eighth Amendment. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) ("most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment"). Thus, C/O Carter is **DISMISSED without prejudice** from Count 1.

## Disposition

For the reasons stated above, Count 1 shall proceed against Sgt. Cales, but is **DISMISSED without prejudice** as to C/O Carter.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Clerk of Court shall prepare for Sgt. Cales: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Jones. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Jones, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Jones, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless

of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Jones is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2025.**

*/s/ Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**